IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KIMBERLY HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-0404-MJR-DGW |
| | ) | |
| PFIZER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER
REGARDING COORDINATED PRETRIAL PROCEEDINGS
FOR LIPITOR CASES IN THE SOUTHERN DISTRICT OF ILLINOIS**

REAGAN, District Judge:

Before the Court is a September 23, 2013 motion asking to "coordinate" – for purposes of discovery and pretrial proceedings – the above-captioned case, two similar lawsuits, *Ehlers v. Pfizer*, Case No. 13-cv-0468-JPG-SCW, and *Conner v. Pfizer*, Case No. 13-cv-0635-JPG-DGW, and an undetermined number of cases yet to be filed here. As described below and with the limitations delineated below, the Court grants the motion.

Supplemental briefs filed September 27, 2013 by counsel explain that these three cases, along with additional cases anticipated to be filed in this District, involve similar claims – specifically, allegations that Defendant Pfizer failed to adequately warn Plaintiffs of the risk of new-onset type-II diabetes from ingestion of the prescription drug Lipitor®. The parties ask, in the interests of efficiency and judicial economy, that all discovery and pretrial issues in the three existing (plus future-filed) cases be

1 | Page

coordinated before the undersigned District Judge (and, presumably, Magistrate Judge Donald G. Wilkerson), who randomly drew the first-filed case here.

As to the number of cases Plaintiffs expect to file in this Court, Plaintiffs' counsel explain that they have "hundreds of cases under review, with a significant number of … cases potentially appropriate for filing in the Southern District of Illinois," and a conservative estimate is that several dozen would be filed here and (if Plaintiff's request is granted) assigned to the undersigned District Judge for "pretrial discovery proceedings" (Doc. 17, p. 3).

Fourteen similar Lipitor®/diabetes cases were filed in the U.S. District Court for the District of South Carolina, and have been coordinated before District Judge Richard M. Gergel via the parties' joint stipulation (Doc. 17, p. 2). In August 2013, the Judicial Panel on MultiDistrict Litigation denied a motion to transfer the above-captioned case plus three of the South Carolina cases and roughly two dozen other cases, finding, inter alia, that given "the limited number of involved actions … we do not believe that creation of an MDL is necessary at this time." That Order denying MDL treatment also noted that Pfizer's counsel had indicated a willingness to work with Plaintiffs' counsel to coordinate common discovery and pretrial matters. In that spirit, counsel jointly move for coordinated pretrial proceedings in this District.

It is worth noting that the parties have not requested *consolidation* of lawsuits (for discovery or trial). Rather, the parties seek *coordination* of these separate actions "for purposes of pretrial discovery" – which the Court believes is warranted, will be efficient, will promote judicial economy, and will avoid inconsistent rulings.

Plaintiffs' brief (Doc. 17, p. 3, emph. added) clarifies that they "seek coordination of pretrial discovery proceedings at this time, **leaving for a later date the determination of whether all presently pending, as well as subsequently filed cases, would be retained by the transferee court [i.e., Judge Reagan] for purposes of trial.** The parties did not discuss this issue prior to their joint submission to the Court."   On the other hand, defense counsel likes the idea of the three pending cases and all future-filed related cases being assigned to Judge Regan for "all purposes, including … trial in each case" (Doc. 18, p. 1).

Assigning a single Magistrate Judge to all cases would accomplish the end of coordinating discovery in all cases.  Clearly, that is prudent here.  Of course, "pretrial proceedings" include not only discovery but also pretrial motions -- motions to dismiss, motions for summary judgment, motions to exclude witnesses, motions in limine.  Those motions are best resolved by the District Judge who will try the case.

It is straightforward and relatively easy to assign a single Judge to coordinate pretrial **discovery** matters (which, here, would be Magistrate Judge Wilkerson).  However, there is no good way to have one District Judge handle **non-discovery** pretrial proceedings (i.e., rule on dispositive motions) and another District Judge handle trial.  Stated another way, as to the three current cases and the dozens yet to be filed, it is logistically cumbersome and inefficient to have one District Judge (Judge Reagan) handle pretrial dispositive motions on a case and then have the originally-assigned District Judge (whether that would be Judge Gilbert on *Ehlers/Conner* or another District Judge as to future cases) step back in to preside over the trial.

The law of this Circuit provides that closely related cases filed within the same District Court should be handled by a single District Judge. *See, e.g.*, ***Smith v. Check-N-Go of Illinois*, 200 F.3d 511, 513 n.1 (7th Cir. 1999);** ***Blair v. Equifax Check Services*, 181 F.3d 832, 839 (7th Cir. 1999).** As a general rule, it simply makes sense to have cases with nearly identical allegations and legal issues handled by one District Judge (and one Magistrate Judge). In the instant case, the undersigned finds that the *Hines*, *Ehlers,* and *Conner* cases are closely related, involve similar claims for relief and overlapping legal issues, and should be assigned to a single Magistrate Judge and single District Judge. Because the first filed of the cases here randomly was assigned to District Judge Reagan and Magistrate Judge Wilkerson, *Ehlers* and *Conner* will be reassigned accordingly. Counsel should use the suffix "–MJR-DGW" on the Case Number of all future pleadings in *Hines, Ehlers, and Conner.*

As to other Lipitor®-diabetes cases *to be filed in the future*, the Court will <u>not</u> direct that they be force-assigned to certain Judges. The undersigned Judge believes that normal protocols of random assignment should be followed. In other words, all new cases will be put into the computer for random assignment of Judges. **Plaintiffs' counsel should clearly indicate on the civil cover sheet under "Related Case, If Any" that the newly-filed case is related to 13-cv-0404-MJR-DGW.** If a Lipitor®-diabetes case is randomly assigned to a District Judge other than Judge Reagan, the reviewing Judge will see the "Related Case" information flagged on the civil cover sheet and, if appropriate, enter an Order transferring the case to Judges Reagan and Wilkerson, pursuant to *Smith v. Check-n-Go* and this Order.

Thus, the Court **GRANTS**, subject to the limitations set out above, the parties' joint motion to coordinate actions for purposes of pretrial proceedings (Doc. 15). The undersigned has consulted Chief Judge Herndon, Judge Gilbert, Judge Wilkerson and Judge Williams. **Judge Gilbert will enter a separate Order transferring** *Ehlers* **(13-cv-0468-JPG-SCW) and** *Conner* **(13-cv-0635-DGW) to District Judge Reagan and Magistrate Judge Wilkerson.** Upon reassignment of the *Ehlers* and *Conner* cases to Judge Reagan, any existing dates and deadlines (including trial dates) will be vacated, with new tracking and scheduling Orders to follow.

IT IS SO ORDERED.

DATED: October 7, 2013.

s/ *Michael J. Reagan*<br>
Michael J. Reagan<br>
United States District Judge